### CRONE v. SUTHERLAND et al.
### No. 5601.

Court of Appeals of the District of Columbia.
Argued Jan. 9, 1933.
Decided Feb. 13, 1933.

Spier Whitaker, of New York City, and Lawrence A. Baker and Henry Ravenel, both of Washington, D. C., for appellant.

Thomas E. Rhodes, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This suit challenges the right of the Alien Property Custodian to deduct 2 per cent. from the claim of a German alien for expense of administration. From a decree dismissing the bill the case comes here on appeal.

The bill, among other things, reads as follows: "Plaintiff brings this bill of complaint in equity not only on behalf of herself but on behalf of all other citizens and subjects of Germany similarly situated from whose money and other property the Alien Property Custodian has wrongfully deducted two per centum (2%) thereof or any other portion thereof, and which has been commingled by the defendants herein above mentioned."

On motion to dismiss, the court entered a decree dismissing the bill "on the ground that a representative action is not maintainable, without prejudice, however, to the right of the plaintiff, Emma Crone, to file a bill of complaint in her own individual behalf."

It is unnecessary to enter into a discussion on the merits of the present controversy, since the decree is right and must be sustained. Plaintiff's property was seized adversely by the United States in time of war. All right of plaintiff in the property was gone until Congress saw fit to extend relief. Plaintiff, therefore, is not in position to invoke the general equity jurisdiction of the courts. Her remedy is the special one accorded by section 9 of the Trading with the Enemy Act, as amended, 42 Stat. 1514 (50 USCA Appendix § 9 and note), Central Union Trust Co. v. Garvan, 254 U. S. 554, 568, 41 S. Ct. 214, 65 L. Ed. 403; Stoehr v. Wallace, 255 U. S. 239, 243, 41 S. Ct. 293, 65 L. Ed. 604. Under the special equity jurisdiction conferred by the act, a representative action is not authorized.

The rights of plaintiff, however, by the terms of the decree below, have been equitably preserved to institute another suit on her own behalf, in order to bring the issues here presented properly before the court for determination on their merits.

The decree is affirmed.